IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL LORD,<br><br>    Plaintiff,<br><br>vs.<br><br>MATTHEW FLANAGAN,<br><br>    Defendant. | CV 13–26–BU–DLC–JCL<br><br>ORDER |

On February 11, 2014, United States Magistrate Judge Jeremiah Lynch issued an order granting Plaintiff Daniel Lord's motion for leave to file an Amended Complaint joining Gallatin County, Montana as a defendant for the purpose of advancing independent torts for negligent and intentional spoilation of evidence against that entity. (Doc. 39.) The following day, Defendant Matthew Flanagan filed a Motion to Reconsider and/or Object to Magistrate's Order Allowing Amendment of Second Amended Complaint. (Doc. 40.)

The Court will review Judge Lynch's order pursuant to Federal Rule of Civil Procedure 72(a), which states: "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly

1

erroneous or is contrary to law."[1] Since the parties are familiar with the factual and procedural background of this case, it will not be restated here.

Flanagan specifically challenges Judge Lynch's rejection of his argument that the amendment must be denied as futile under *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although, Flanagan does not challenge Judge Lynch's finding that the Court possesses subject matter jurisdiction over the pendent state law claims which Lord seeks to bring against Gallatin County, the Court finds that Judge Lynch's analysis on that issue was accurate, as was his conclusion.

Ordinarily, a motion for leave to file an amended pleading is governed by Federal Rule of Civil Procedure 15(a)(2), which provides that leave should be given "freely . . . when justice so requires." However, Lord's motion is initially governed by Federal Rule of Civil Procedure 16.

The Court's scheduling order entered in this case pursuant to Federal Rule of Civil Procedure 16(b) established September 16, 2013, as the deadline for the parties to amend their pleadings. (Doc. 18.) Lord filed his motion for leave to file an amended complaint on January 9, 2014. Therefore, because the deadline for amendments has passed, Lord must satisfy the "good cause" standard imposed by

---

[1] 28 U.S.C. § 636(b)(1)(A) establishes the same standard of review, stating that the Court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

Rule 16(b)(4) as required to modify a scheduling order before he can invoke the liberal amendment standards of Rule 15(a). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir 2000) (Citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir)). This good cause standard "primarily considers the diligence of the party seeking the amendment. *Coleman*, 232 F.3d at 1294 (quoting *Johnson*, 975 F.2d at 609). Thus, a scheduling order can be modified if the party requesting the modification establishes he cannot reasonably meet, or could not have reasonably met deadlines imposed in the scheduling order despite his diligence. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609). If the requesting party fails to establish that he was diligent, then the Court's "'inquiry should end' and the motion to modify" the scheduling order and the motion to file an amended pleading should be denied. *Id.*

Although neither party addressed Rule 16 in their briefing on the motion to amend, the Court has sufficient information to answer the question of whether good cause existed, and it will do so in the interest of efficiency and to spare the parties the time and expense associated with additional briefing on that subject.

On October 12, 2011 – four days after Lord lost a portion of his thumb in the incident that gave rise to this action – his counsel at the time sent a letter to the

3

Gallatin County Attorney requesting "any and all videotape that may have shown what occurred." (Doc. 36-1.) On November 27, 2013 Flanagan responded to Lord's Fourth Discovery Requests. Flanagan informed Lord that three cameras provided at least a partial view of his cell, and that copies of the video recordings from two of those cameras "were not retained." (Doc. 34-1 at 3-4.) This answer constitutes the factual foundation for the spoliation claim Lord now seeks to bring against Gallatin County. Thus, Lord could not have reasonably met the deadline for amending the pleadings – despite his diligence – because he did not learn about that factual foundation until well after the deadline. Accordingly, the Court finds that good cause exists pursuant to Rule 16, and will move on to address Flanagan's Rule 15 objection to Judge Lynch's order.

Flanagan's objection is almost identical to his response to Lord's motion to amend, and offers no fresh arguments. Instead, Flanagan renews his argument that because the amendment would be futile, it should not be permitted pursuant to *Foman v. Davis*, 371 U.S. 178, 182 (1962). Judge Lynch addressed this argument in his order, stating:

> The sole argument Flanagan offers in opposition to Lord's motion is that if Gallatin County is joined as a defendant, it will no longer be a non-party against which the torts of intentional and negligent spoliation of evidence can be asserted. Thus, so the argument goes, Lord's requested

4

> amendment must be denied as futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (recognizing that a Federal Rule of Civil Procedure 15 motion to amend a complaint may be denied based on futility of the proposed amendment). Flanagan's argument is without merit.

(Doc. 39 at 4.) Judge Lynch is entirely correct.

Lord seeks to bring claims against Gallatin County for the torts of negligent and intentional spoliation of evidence, which the Montana Supreme Court has recognized as independent causes of action. *Oliver v. Stimson Lumber Co.*, 993 P.2d 11, 19 (Mont. 1999). In the same opinion, the Court found "no reason to recognize a new tort theory or provide relief to litigants when evidence is intentionally or negligently destroyed by a party to the litigation." *Id.* at 17; *See also, Estate of Willson v. Addison*, 258 P.3d 410, 415 (Mont. 2011) ("The torts of intentional and negligent spoliation are stand alone torts that must be affirmatively plead and apply only to non-parties to the litigation"). Flanagan essentially argues that if the amendment is permitted, it would be rendered futile since Gallatin County would then be a party to the action, and spoliation claims cannot be made against parties. This Court does not find any support for Flanagan's theory in *Stimson Lumber*, nor any of its progeny. To the contrary, the logic that led the Supreme Court to arrive at its conclusion that spoliation claims cannot be brought

5

against existing parties supports Lord's position. The Supreme Court stated:

> "Remedies already exist for parties to an action who have suffered a loss as a result of the spoliation of evidence by another party . . . Trial Judges are well equipped under the Montana Rules of Civil Procedure to address the problem as it occurs and deal with it accordingly, even entering default when the circumstances justify such relief. When evidence is in the possession if a third party, however, the various sanctions available to the trial judge are inapplicable and other considerations arise."

*Id.* at 345. Gallatin County is not currently a party to this litigation, and thus not subject to the existing judicial safeguards that led the Supreme Court to bar spoliation claims against current parties. Acceptance of Flanagan's circular logic would severely undermine, if not altogether eviscerate *Stimson Lumber*, in that no tort for spoliation could be brought in Montana because the moment a non-party is joined or sued in a separate action, it would then become a party, and therefore shielded from spoliation liability.

Flanagan also appears to suggest that Lord should be required to bring his claims for spoliation against Gallatin County in an entirely separate action, stating "the plaintiff cannot be permitted to amend his Second Amended Complaint in order to assert an independent cause of action for spoliation against Gallatin County *in this lawsuit*." (Doc. 40 at 6 (emphasis in original).) This argument is also unsupported by *Stimson Lumber*. Flanagan emphasizes the Supreme Court's

6

use of the expressions "underlying claim" and "underlying action" in its discussion of the causation element of negligent spoliation to support his claim that Lord may only advance its claims against Gallatin County in an entirely separate action. *See Stimson Lumber*, 993 P.2d at 20-21. The Court uses these terms simply to establish that there must be a causal element between the alleged spoliation and the claim or action to which the allegedly spoliated evidence was related. There is no indication that the Court intended to require plaintiffs to bring a separate action, nor preclude them from bringing claims against third parties in the same action. Flanagan simply reads too much into the Court's use of these phrases.

Finally, Flanagan's argument as to the need for a separate, subsequent lawsuit is illogical from a policy perspective. As Judge Lynch notes, trying a plaintiff's independent torts for spoliation with the underlying federal claim will promote both convenience and judicial efficiency.

Judge Lynch's order is not clearly erroneous, nor is it contrary to law. Accordingly,

IT IS ORDERED that Flanagan's motion (Doc. 40) is DENIED.

Dated this 24th day of February, 2014.

*Dana L. Christensen*
Dana L. Christensen, Chief District Judge
United States District Court